**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4197

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHAD RAYNARD SHORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:05-cr-00208-WLO)

Submitted: July 25, 2006                Decided: August 1, 2006

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Chad Raynard Shore appeals his 120-month sentence following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000). Shore's counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there exist no meritorious issues for appeal, but requesting that this court review the application of sentencing enhancements pursuant to U.S. Sentencing Guidelines Manual ("USSG") §§ 2K2.1(b)(4), (b)(5) (2005), as well as the reasonableness of the sentence imposed by the district court. After being notified of his right to do so, Shore submitted a pro se supplemental brief, in which he reiterates the contentions made in the Anders brief.*

To give due deference to a district court's application of the sentencing guidelines, we review factual determinations for clear error and legal questions de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Shore's challenge to the application of the two-level offense level enhancement under USSG § 2K2.1(b)(4) is meritless, as that provision applies even if Shore

---

*To the extent Shore intends to allege ineffective assistance of counsel, we decline to consider this claim on direct appeal, as the record does not conclusively establish that counsel was ineffective. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). This claim is more properly raised in a motion under 28 U.S.C. § 2255 (2000). See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

was unaware the firearm he pled guilty to possessing was stolen. See USSG § 2K2.1, comment. (n.16).

Shore's challenge to the USSG § 2K2.1(b)(5) enhancement is also unavailing. The government must first prove that the defendant possessed the gun, and then prove that the gun was connected to another felony offense. United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996). To satisfy the "in connection with" requirement, the government must prove that the firearm had "some purpose or effect with respect to" the felony, and that the gun at least facilitated, or had the potential of facilitating, the offense. See United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (internal quotation marks and citations omitted). After a careful review of the record, we conclude the district court properly applied the enhancement.

Moreover, we find the district court imposed a reasonable sentence. The district court correctly calculated Shore's total offense level to be twenty-seven and his criminal history category to be VI. Based on these calculations, the sentencing guidelines provided for a range of 130 to 162 months' imprisonment. See USSG Ch. 5, Pt. A (sentencing table). However, the statutory maximum punishment for the offense was 120 months' imprisonment. See 18 U.S.C. § 924(a)(2) (2000). Therefore, because of the statutory maximum punishment, the sentencing guidelines provided for a term of 120 months' imprisonment. Treating the sentencing guidelines as

advisory and consulting the applicable § 3553(a) factors, the district court sentenced Shore to this term of imprisonment. Shore has not rebutted the presumption that the district court's imposition of sentence was reasonable. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006), <u>cert. denied</u>, ___ U.S. ___, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Shore, in writing, of the right to petition the Supreme Court of the United States for further review. If Shore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>